O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7596 AHM (DTBx) | Date | February 22, 2010 |
|---|---|---|---|
| Title | JOSEPH M. HEALEY v. TONY P. SPENCER, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs: Attorneys **NOT** Present for Defendants:

**Proceedings:** IN CHAMBERS (No Proceedings Held)

## I. INTRODUCTION

On October 20, 2009, Plaintiff Joseph M. Healey filed his Complaint against Defendants Prestige Automotive & Marine ("Prestige") and Tony P. Spencer and Naomi Spencer (collectively the "Spencer Defendants"). He alleged seven tort claims under federal maritime and Arizona state law in connection with a boating accident that occurred in Lake Havasu. On January 15, 2010, Prestige moved to transfer venue to the District of Arizona. Plaintiff opposed the motion on January 27, 2010. The Spencer Defendants have not taken a position on the motion. The Court held a hearing on the motion on February 22, 2010. For the following reasons, the Court DENIES Prestige's motion.[1]

## II. FACTUAL BACKGROUND

Plaintiff alleges that he lost his foot as a result of a boating accident that occurred in Lake Havasu—a lake consisting of interstate waters on the border of California and Arizona that contains shoreline belonging to both states. Complaint ¶ 2. The accident occurred when the Spencer Defendants' boat, driven by Tony Spencer, collided with Plaintiff after Plaintiff jumped in the water to rescue two minors—Ian Yzabal and Allyson Yzabal—from the path of the Spencers' boat. Complaint ¶¶ 10, 12-15. Plaintiff alleges that these two minors fell into the water off of the boat of Daron Kelley when his boat was hit by the Defendants' boat. Complaint ¶ 12. The minors' mother, Nancy

---

[1] Docket No. 10.

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7596 AHM (DTBx) | Date | February 22, 2010 |
|---|---|---|---|
| Title | JOSEPH M. HEALEY v. TONY P. SPENCER, *et al.* | | |

Yzabal, witnessed the accident, as did two of the Spencer Defendants' children—Kelsey and Nick Spencer. Police Report, Ex. C to Plaintiff's Opp'n. Cody Healey, Plaintiff's child, also witnessed the accident. *Id.*

Also included as a Defendant is Prestige. Plaintiff alleges that Prestige performed faulty repairs on the Spencer Defendants' boat that contributed to the accident. Complaint ¶ 5. These repairs occurred at Prestige's repair facility in Arizona. *See* Repair Invoice, Ex. E to Plaintiff's Opp'n. Prestige operates only in Arizona, though it does advertise to California residents. *See* Ex. A to Plaintiff's Opp'n (advertising using endorsements from California residents). The Spencer Defendants' boat is registered and harbored in Arizona, and both boats were launched from the Arizona shore of the lake that day. Complaint ¶¶ 2-3.

Criminal charges regarding the incident had been filed against Mr. Spencer in Arizona. Crawford Decl. ¶ 7. At the hearing, Plaintiff's counsel informed the Court that these criminal charges were dropped on January 29, 2010.

## III. LEGAL STANDARD FOR A MOTION TO TRANSFER VENUE

28 U.S.C. § 1404(a) provides: " For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party has the burden of establishing that the case should be transferred to another district. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). In determining whether transfer is appropriate, courts consider nine factors: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the ease of access to the evidence; (5) the familiarity of each forum with the applicable law; (6) the feasibility of consolidation of other claims; (7) any local interest in the controversy; (8) the relative court congestion and time of trial in each forum; and (9) the availability of compulsory process. *See Decker Coal Co. v. Commonwealth Edison, Co.,* 805 F.2d 834, 843 (9th Cir. 1986). Although courts must balance all of these factors, the convenience of the witnesses is often the most important factor. *See Schwarzer, Tashima & Wagstaffe,* Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 4:270 (The Rutter Group 2003). In addition, courts accord substantial weight to a plaintiff's choice of forum and generally do not transfer a case pursuant to § 1404(a) unless the defendant makes a strong

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7596 AHM (DTBx) | Date | February 22, 2010 |
|---|---|---|---|
| Title | JOSEPH M. HEALEY v. TONY P. SPENCER, *et al.* | | |

showing of inconvenience. *See Decker*, 805 F.2d at 843. However, if the plaintiff does not reside in his chosen forum, courts accord considerable less deference to his choice of forum. *See New Image, Inc. v. Travelers Indem. Co.,* 536 F.Supp. 58, 59 (E.D. Pa. 1981); Bryant v. ITT Corp., 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999); Cal. Prac. Guide, *supra*, § 4:282.

## IV. DISCUSSION

The following chart lays out the factors for the Court to consider and how they militate.

| FACTOR | WEIGHS TOWARD |
|---|---|
| (1) Plaintiff's choice of forum | *Plaintiff selected the Central District of California ("C.D. Cal."), but this factor merits less weight because Plaintiff is not a California citizen, but is, in fact, a citizen of Arizona. |
| (2) Convenience of the parties | *Plaintiff chose California, but he lives in Arizona, so this factor is neutral as to him.<br><br>*Defendant Prestige Marine is an Arizona LLC.<br><br>*The two Spencer Defendants are California citizens.<br><br>*Overall, this factor weighs slightly toward the case remaining in C.D. Cal. |

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7596 AHM (DTBx) | Date | February 22, 2010 |
|---|---|---|---|
| Title | JOSEPH M. HEALEY v. TONY P. SPENCER, *et al.* | | |

| | |
|---|---|
| (3) Convenience of the witnesses (often the most important factor) | Eyewitnesses:<br><br>1) Nancy Yzabal (mom)— Ontario, California resident<br><br>2) Ian Yzabal (rescued child)— Ontario, California resident<br><br>3) Allyson Yzabal (rescued child)— Ontario, California resident<br><br>4) Nick Spencer (child of Defendants)— La Verne, California resident<br><br>5) Kelsey Spencer (child of Defendants)— La Verne, California resident<br><br>6) Daron Kelley (owner of boat struck by Defendants' boat)— Ontario, California resident<br><br>7) Cody Healey (child of Plaintiff)— Orange County, California resident (lives in California with his mother)<br><br>Boat Repair:<br><br>*An undisclosed number of mechanics and employees of Prestige—presumably Arizona residents<br><br>Doctors:<br><br>*Presumably, Plaintiff was treated in Arizona, but the parties have presented no evidence on this issue. |

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7596 AHM (DTBx) | Date | February 22, 2010 |
|---|---|---|---|
| Title | JOSEPH M. HEALEY v. TONY P. SPENCER, *et al.* | | |

| | |
|---|---|
| (3), continued | Overall:<br><br>*The convenience of the witnesses weighs toward retaining the case in this Court. |
| (4) Ease of access to the evidence | *The boat is in Arizona.<br><br>*Prestige's repair shop and any records of the repairs are located in Arizona. |
| (5) The familiarity of each forum with the applicable law | *Three of the seven claims (numbers two, four, and seven) are brought under Arizona state law. This weighs in favor of a transfer to Arizona.<br><br>*However, the other four claims are based on federal maritime law. Both districts should be familiar with federal maritime law. Plaintiff discusses the fact that C.D. Cal. has local admiralty rules, whereas D. Ariz. does not, Opp'n at 16, which could suggest that C.D. Cal. has more familiarity with the applicable law. |
| (6) Feasibility of consolidation of other claims | *All civil claims appear to be consolidated into this case and capable of resolution in this district. |
| (7) Local interest in the controversy | *Arizona appears to have some local interest, since it had been criminally prosecuting Tony Spencer for the incident.<br><br>*However, both states have an interest in the safety of Lake Havasu, since both states share the lake. |
| (8) Relative court congestion | *Congestion is probably higher in C.D. Cal., but the parties have presented no evidence on this point. |

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7596 AHM (DTBx) | Date | February 22, 2010 |
|---|---|---|---|
| Title | JOSEPH M. HEALEY v. TONY P. SPENCER, *et al.* | | |

| (9) Availability of compulsory process | *Prestige has presented no evidence about the unavailability of compulsory process for any necessary witnesses. |
|---|---|

    The factors as a whole weigh toward the case remaining in this district, particularly given the fact that the vast majority of the witnesses live in Southern California. There is some merit to arguments that the case should be transferred, particularly since Plaintiff is not a resident of this district, and the witnesses concerning the boat repairs (and probably the medical care) are in Arizona. However, Prestige has not done a thorough job of establishing that it has met its burden of proof for transfer. For example, it has not specified how many of its witness employees reside in Arizona, or where Plaintiff received his medical care. Because Prestige has not met its burden of establishing that the case should be transferred to the District of Arizona, this Court declines to transfer the case.

**V.  CONCLUSION**

    For the foregoing reasons, the Court DENIES Prestige's motion to transfer venue.

 

_____ : _____

*Initials of Preparer*      **SMO**